## EX PARTE THE CANDELARIA FRUIT COMPANY.

### APPEAL from the District Court of Arecibo.

No. 126.—Decided May 12, 1904.

OWNERSHIP—WRITTEN TITLE.—Landowners who have no written title of ownership, regardless of the time of its acquisition, may record such ownership by proving the same according to the formalities prescribed by article 395 of the Mortgage Law

ID.—POSSESSION—PRESCTIPTION.—The words "regardless of the time of its acquisition," inserted in the provisions of article 395 of the Mortgage Law, refer to the acquisition of the ownership, which can only be obtained after the expiration of the period of possession fixed by law for the prescription of ownership.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of Arecibo by Attorney José E. Benedicto, as the representative of The Candelaria Fruit Company, of San Juan, for the purpose of causing an investigation to be made as to the ownership of a rural estate. The case is pending before us on an appeal taken by the representative of the claimant company from the judgment rendered by the said district court, which reads as follows:

"Arecibo, Octubre dos de mil novecientos tres.

*Resultando*: que el abogado Don José Benedicto ha promovido este expediente de dominio á nombre de "The Candelaria Fruit Company," domiciliada en San Juan, para que por la Corte de Distrito de Arecibo se declare y mande á inscribir en el Registro de la Propiedad, á favor de la Compañía promovente, el pleno dominio sobre una finca rústica compuesta de ochenta cuerdas, equivalentes á treinta hectáreas, cuarenta y cuatro áreas, treinta y una centiáreas, á veinte miliareas, terreno, de tercera clase á pasto y maleza, situado en el barrio del Coto, término de Manatí.

*Resultando*: que de los documentos que acompañó con su escrito de promoción, aparece que esa finca la heredó en su mitad Don Basilio Vélez Alvarado, según el expediente posesorio que de la misma finca consta inscrito en el Registro de la Propiedad de Arecibo, al folio 82 del tomo 14 del Ayuntamiento de Manatí, y la otra mitad la compró el citado Don Basilio Vélez Alvarado á su hermano Don Evaristo, en escritura pública otorgada el mes de Octubre de mil novecientos uno; habiendo comprado después ambas mitades Don Nathanil A. Walcott y Don Nathanil P. Tyler, por escritura que se inscribió á favor de los compradores en el Registro de lo Propiedad de Arecibo, el día seis de Mayo de 1902.

Resultando: Don Nathanil A. Walcott y Don Nathanil P. Tyler vendieron después la expresada finca ffi Don Arthur C. Hansard, por escritura pública otorgada en San Juan el catorce de Mayo de 1902; y en la misma fecha, y también por escritura pública, Don Arthur C. Hansard vendió á The Candelaria Fruit Company las misma finca, por la suma de doscientos dollars, inscribiéndose esta escritura en el Registro de la Propiedad de Arecibo, el día 21 de Mayo de 1902.

*Resultando*: que practicadas las formalidades del artículo 395 de la Ley Hipotecaria, los Sres. Don. Arthur C. Hansard, Don Samuel P. Bates y Don Nathanil P. Tyler, declararon bajo juramento ser ciertos los hechos expuestos y que The Candelaria Fruit Company ejerce actos de dominio sobre la finca descrita, desde que la adquirió, sin oposición de nadie.

*Resultando*: que pasado este expediente al Ministerio Fiscal, ha dictaminado de conformidad con la aprobación del mismo, toda vez que aparecen cumplidos en él todos los requisitos prevenidos por la ley Hipotecaria, en su artículo 395, y

*Considerando*: que conforme al artículo 395 de la Ley Hipotecaria vigente, el propietario que careciere de título escrito de dominio, cualquiera que fuese la época de su adquisición, podrá inscribir dicho do-

"Arecibo, October 2, 1903. Attorney José E. Benedicto instituted this proceeding concerning the ownership of real property on behalf of The Candelaria Fruit Company, domiciled in San Juan, asking the District Court of Arecibo to declare and order to be recorded in the Registry of Property, in favor of the claimant company, the full ownership of a rural estate composed of 80 *cuerdas,* being equivalent to 30 hectares, 44 ares, 31 centares and 20 milliares of pasture and bramble lands, of the third class, situated in *barrio* 'Coto,' municipal district of Manatí.

"It appears from the documents accompanying his petition instituting the proceedings that Basilio Vélez Alvarado inherited one-half of said estate, according to the possessory proceedings of the same estate appearing of record in the Registry of Property of Arecibo, at folio 82 of book 14 of the municipality of Manatí, and that the said Basilio Vélez Alvarado purchased the other one-half from his brother Evaristo by public deed executed in the month of October, 1901, both halves having been subsequently purchased by Nathaniel A. Walcott and Nathaniel P. Tyler by a deed which was recorded in favor of the purchasers in the Registry of Property of Arecibo on May 6, 1902.

"Nathaniel A. Walcott and Nathaniel P. Tyler subsequently sold said estate to Arthur C. Hansard, by public deed executed in San Juan on May 14, 1902, and on the same date, and also by public deed, Arthur C. Hansard sold the same estate to The Candelaria Fruit Company for the sum of two hundred dollars, said deed having been recorded in the Registry of Property of Arecibo on May 21, 1902.

"The formalities prescribed by article 395 of the Mortgage Law having been complied with, Arthur C. Hansard, Samuel P. Bates and Nathaniel P. Tyler testified under oath that the facts alleged were true, and that the Candelaria Fruit Company has exercised acts of ownership over the estate described since the time it acquired the same, without opposition on the part of anyone.

"The record of proceedings having been referred to the office of the Attorney General, it made a report in favor of the approval of the same, inasmuch as it appeared therefrom that all the requirements prescribed by article 395 of the Mortgage Law had been complied with.

"According to article 395 of the existing Mortgage Law, the landowner who has no written title of ownership, regardless of the time of its acquisition, may record said ownership by proving it according to the formalities prescribed in the same article.

"The words, 'regardless of the time of its acquisition,' refer to the

minio justificándolo con las formalidades que se insertan en el mismo artículo.

*Considerando*: que la frase "cualquiera que sea la época de la adquisición" se refiere á la adquisición del dominio, y no habiendo adquirido la "The Candelaria Fruit Company" el dominio objeto de este expediente, de ninguno de sus causantes, pues el primer trasmitente Don Basilio Vélez Alvarado sólo tenía la posesión por herencia de la mitad de ella, según expediente posesorio aprobado por el Juzgado Municipal de Manatí, en auto de 25 de Junio último, é inscrito en el Registro de la Propiedad, claro es que no puede obtener la expresada "Candelaria Fruit Company" el dominio que pretende, mientras no haya transcurrido el término que fija la ley para la prescripción del dominio, á partir del principio de la posesión de Vélez.

*Considerando*: que no constando consolidado en "Candelaria Fruit Company," por la prescripción, el dominio de la finca que se describe en este auto, no puede mandarse inscribir como tal en el Registro de la Propiedad.

Vistas las disposiciones citadas. No ha lugar á declarar justificado á favor de la "Candelaria Fruit Company" el dominio objeto de este expediente. Lo acordaron y firman los Sres. Jueces del Tribunal, de que certifico. Felipe Cuchí. Carlos Franco Soto, Otto Schoenrich. José E. Figueras."

"*Resultando*: que contra esta sentencia interpuso el abogado representante de "La Candelaria Fruit Company" recurso de apelación que le fué admitido, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, á cuyo acto asistió únicamente el Señor Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Benedicto (José E.).*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

acquisition of ownership, and The Candelaria Fruit Company not having acquired the ownership constituting the subject-matter of this proceeding from any of its predecessors in interest, since the original grantor, Basilio Vélez Alvarado, had possession of only one-half thereof by inheritance, according to the record of possessory proceedings approved by the municipal council of Manatí, in an order of the 25th of June last, entered in the Registry of Property, it is clear that the said Candelaria Fruit Company cannot obtain the desired ownership until after the expiration of the period fixed by law for the prescription of ownership, from and after the commencement of the possession of Vélez.

"The ownership of the estate described in said order not appearing to have vested in The Candelaria Fruit Company by prescription, it cannot be ordered to be recorded as such in the Registry of Property.

"Having examined the provisions in question, it is not proper to hold that the ownership of the property involved in this proceeding has been established in favor of The Cndelaria Fruit Company. It was so ordered and signed by the judges of the court, to which I certify. Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich.—José E. Figueras."

From this judgment the attorney for The Candelaria Fruit Company took an appeal, which was allowed, and the record having been forwarded to this court, the parties having been cited, and the appellant having appeared, the appeal was conducted according to the proper procedure and a day set for the hearing, at which no one appeared except the Fiscal of this Supreme Court, who opposed the appeal.

*Mr. Benedicto (José E.),* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

Having examined the legal provisions therein cited, we ad-

*Fallamos* que debemos confirmar y confirmamos la expresada sentencia con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

Ex Parte Figueroa.

Apelación procedente de la Corte de Distrito de San Juan.

Resuelto en Mayo 12, 1904.

Dominio—Posesión para Adquirirlo—Título—Prescripción.—Para adquirir por la prescripción ordinaria el dominio de los inmuebles es necesario acreditar el tiempo de posesión del promovente, ó el de su causante, así como si posee ó nó con título, y en caso afirmativo, la naturaleza del mismo.

EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan por Don Juan Figueroa y Campos sobre declaratoria de dominio de una finca rústica, pendientes ante Nos á virtud de la apelación interpuesta por el promovente contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"Puerto Rico, Marzo nueve de mil novecientos tres. Vistos este expediente, y

*Resultando*: que Don Juan Figueroa y Campos, vecino de la Carolina, mayor de edad, de estado viudo y propietario, presentó escrito manifestando que posee y es dueño hace más de seis años de una finca rústica situada en el término municipal de la Carolina, barrio de "Carrasas," compuesta de cuarenta cuerdas de terreno de tercera clase, equivalentes á quince hectáreas, setenta y dos áreas y diez y seis centiáres, colindante, por el Este, con Gregorio Austú, Erutaño Soler y la quebrada denominada el Naranjo; por el Sud, Gervasio Pirano, por el Norte, Rosendo Rivera y la citada Quebrada, y al Oeste, la Quebrada Grande de "Maracuto;" siendo el valor de

judge that we ought to affirm and do affirm said judgment, with costs against the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.

---

## Ex Parte Figueroa.

### Appeal from the District Court of San Juan.

No. 41.—Decided May 12, 1904.

Dominion Title—Possession to Acquire Same—Prescription.—In order to acquire the ownership of real property by ordinary prescription, it is necessary to prove the time of the petitioner's possession or that of his predecessor in interest, as well as whether or not he is in possession of the property under title, and if so, the nature of such title.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Juan Figueroa y Campos, to obtain a declaration of ownership of a rural estate, which case is pending before us on an appeal taken by the petitioner from the judgment rendered by the aforesaid district court, which reads as follows:

"Porto Rico, March 9, 1903. Juan Figueroa y Campos, a resident of Carolina, of legal age, and a widower and landowner, filed a petition setting forth that he has been in possession and has been the owner for over six years of a rural estate situated in *barrio* 'Carrasas' within the municipal district of Carolina, consisting of 40 *cuerdas* of third-class land, equal to 15 hectares, 72 ares and 16 centares, bounded on the east by lands belonging to Gregorio Austú, Erutaño Soler and the brook known as 'Naranjo;' on the south by lands belonging to Gervasio Pirano; on the north, by lands belonging to Rosendo Rivera and the aforesaid brook; and on the west, by the brook known as 'Quebrada Grande de Macuto.' Said estate is valued at three hundred dollars and was acquired by pur-

dicho terreno trescientos dollars y habiendo adquirido dicho terreno por compra á Isaías Mundo, José Rodríguez, Toribio Quiñones y Victoriano García, los cuales han fallecido, ignorándose si dejaron sucesión alguna; y que careciendo de título promovía este expediente ofreciendo prueba testifical.

*Resultando*: que oido el Ministerio Fiscal y hecha citación de los anteriores dueños y nó de los colindantes, siguióse el juicio con las formalidades prevenidas en el artículo 395 de la Ley Hipotecaria.

*Considerando*: que segun manifiesta el promovente es de estado viudo, y no justificándose haberse liquidado la sociedad conyugal de gananciales, ni que adquiriera después de viudo dicho inmueble, no es posible hacerse á su favor la declaratoria de dominio que se interesa.

No ha lugar á declararse á favor del recurrente el dominio del inmueble descrito en el primer resultando. Lo acordaron y firman los Sres. del Tribunal y certifico. Juan Morera Martínez, Frank H. Richmond, José Tous Soto. Luis Méndez Vaz.''

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á la que sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Ginorio (Emigdio S.)*.

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después dé exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando* además que los testigos Don Cristino Diaz y Mundo y Mariano Hernández y Hernández y Don José Mederos Corujo presentados por el promovente, declararon que era cierto, y les constaba de ciencia propia, que su presentante es dueño en pleno dominio de la finca rústica de que se trata en el presente informativo, habiéndola adquirido por

chase from Isaías Mundo, José Rodríguez, Toribio Quiñones, and Victoriano García, who are now dead, and it is not known whether they left any estate. As he had no title he instituted these proceedings and offered to produce the evidence of witnesses.

"After hearing the Department of Justice and citing the former owners, but not the occupants of the adjoining estates, the hearing was had with the formalities prescribed by article 395 of the Mortgage Law.

"The petitioner, according to his statement, is a widower, and inasmuch as it has not been shown that the conjugal partnership had been liquidated, nor that the petitioner acquired the property after becoming a widower, the declaration of ownership applied for can not be made. A declaration of ownership in favor of the petitioner of the estate described in the first finding of fact hereof is denied. Thus it was decided and signed by the judges of the court, to which I certify. Juan Morera Martinez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From the foregoing judgment counsel for the petitioner took an appeal, which was allowed for review and a. stay of proceedings. The record was forwarded to this Supreme Court, with citation of the parties, and the appellant having appeared, the appeal was conducted under the proper procedure. A day was set for the hearing, at which only the *Fiscal* of this Supreme Court was present, who opposed the appeal.

*Mr. Ginorio (Emigdio S.)*, for appellant.

*Mr. del Toro, Fiscal,* for the People.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.